# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**NAOMI C. HAMILTON,**

    **Plaintiff,**

  v.        Case No. 25-CV-1582

**DUJUAN BECK and**
**JENNIFER E. LEHNER,**[1]

    **Defendants.**

---

## ORDER AND RECOMMENDATION

---

  Currently pending before the court is Naomi C. Hamilton's Motion to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Hamilton's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Hamilton's Motion to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) will be granted.

---

[1] The second defendant's name was docketed as "Lehmer," but the complaint spells the name as "Lehner." The Clerk of Court shall update the docket to reflect a spelling consistent with the complaint.

Because the court is granting Hamilton's motion, it must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

1. **Legal Standards**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further

3

factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## 2. Factual Allegations

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in the plaintiff's complaint. Hamilton states that Officer DuJuan Beck[2] violated her "Rights" [sic] by filing a criminal complaint against her without contacting her or investigating the allegations. (ECF No. 1 at 2–3.) Hamilton alleges that Beck's complaint was based on the word of an ex-partner, Jeremiah Amughmuns, from whom Hamilton experienced domestic violence. (*Id.* at 2.) Hamilton states that Beck told her to

---

[2] Although the complaint does not specify where Beck served as an officer, no further details are necessary for the present analysis.

4

Case 2:25-cv-01582-JPS    Filed 10/21/25    Page 4 of 9    Document 5

take it to court when she explained that her ex-partner falsified the probable cause against her. (*Id.* at 3.)

Hamilton further alleges that prosecuting attorney Jennifer E. Lehner "acted with wrongful judgement" [sic] towards her because Lehner wanted her punished for a crime. (ECF No. 1 at 3.) Hamilton claims that Lehner relied on texts and voicemails without calling Hamilton or proving that they were her messages. (*Id.*) Hamilton attached a case summary for a Milwaukee County case charging her with harassment related to the violation of a temporary restraining order under Wisconsin Statute § 813.125(7). (ECF No. 1-1.)

In terms of relief, Hamilton requests that the court dismiss the state case against her because there is no probable cause without her ex-partner's lies. (ECF No. 1 at 4.)

3. **Analysis**

   **3.1. Jurisdiction**

Federal courts have limited jurisdiction, *see* 28 U.S.C. § 1330 *et seq.*, meaning they can hear only certain types of claims and only under certain circumstances. Although Hamilton checked a box on the court's standard complaint form indicating she is "suing for a violation of federal law under 28 U.S.C. § 1331" (ECF No. 1 at 4), there is no hint which federal law might plausibly apply. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Hamilton does not allege that either defendant violated

her constitutional rights or any other federal laws. Hamilton has therefore not identified any violation of a federal law that would provide this court with jurisdiction to consider her claim.

Diversity of citizenship is another possible pathway to access the federal courts. This requires that all defendants be citizens of different states than the plaintiff and that the amount in controversy be more than $75,000. *See* 28 U.S.C. § 1332. Because Hamilton alleges that she and the defendants are all citizens of Wisconsin, complete diversity of citizenship does not exist here. (ECF No. 1 at 1–2.)

Because Hamilton has not pled a basis for federal jurisdiction, this case must be dismissed for lack of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (observing that "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

### 3.2. Failure to State a Claim

Even if this court had subject matter jurisdiction to consider Hamilton's claim, the case would still need to be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 555 (finding a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

Hamilton asks this court to dismiss the criminal case against her in Wisconsin state court. (ECF No. 1 at 4.) However, "under what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate

6

Case 2:25-cv-01582-JPS    Filed 10/21/25    Page 6 of 9    Document 5

jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (observing that the *Rooker-Feldman* doctrine takes its name from two cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). In other words, the U.S. Supreme Court is the only federal court authorized to review state court judgments. *See* 28 U.S.C. § 1257.

Even if the state court proceedings against Hamilton are ongoing and no final judgment has yet been issued, the *Younger* abstention doctrine would preclude this court from intervening. *See Milchtein v. Chisholm*, 880 F.3d 895, 898-99 (7th Cir. 2018) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)). Abstention is appropriate under *Younger* because Wisconsin has a strong interest in conducting its own criminal trials, Hamilton will have an opportunity to appeal any adverse rulings in state court, and she has not demonstrated any extraordinary circumstances weighing against abstention. *See Wade v. Barr*, 775 F. App'x 247, 248 (7th Cir. 2019).

Because this court cannot intervene in the state criminal case against Hamilton, if this court had subject matter jurisdiction, this case would have to be dismissed for failure to state a claim upon which relief may be granted.

4. **Conclusion**

Hamilton's complaint alleges neither a basis for federal court subject matter jurisdiction nor a plausible cause of action against either defendant. Ordinarily, the court would permit a *pro se* plaintiff one opportunity to amend her complaint before

recommending that an action be dismissed. However, the court can discern no plausible basis under which an amended complaint could evade the fundamental problems in her complaint. *See, e.g.*, *Wade*, 775 F. App'x at 248 (affirming a district court's decision to deny an opportunity to amend the complaint because the requested relief sought to interfere with the plaintiff's pending state-court criminal case).

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the Clerk of Court shall randomly assign this matter to a district judge to consider the court's recommendation that Hamilton's complaint and this action be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's Motion to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Hamilton's complaint and this action be **dismissed**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

[Signature Page Follows]

Dated at Milwaukee, Wisconsin this 21st day of October, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge